NO. 07-11-00095-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 20, 2011

———————————————

ALTON RAY BURNS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 60,552-D; HONORABLE DON R. EMERSON, JUDGE

———————————————

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Alton Ray Burns attempts to appeal his conviction for possession with intent to deliver a controlled substance, enhanced, and sentence of twenty-five years in prison. Sentence was imposed on November 29, 2010, and appellant filed a notice of appeal on February 18, 2011. The notice included a request for additional time to perfect the appeal. Appellant did not file a motion for new trial.

By letter, we notified appellant his notice of appeal appeared untimely thus depriving us of appellate jurisdiction. We afforded him an opportunity to file documents or matters he considered necessary for determination of our jurisdiction. Appellant filed

a one-page response essentially stating on March 28, 2011, he made application for a writ of habeas corpus under article 11.07 of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010).

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State,* 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Rule of Appellate Procedure 26.2(a) requires a notice of appeal be filed within 30 days after the day sentence is imposed in open court or within 90 days after imposition of the sentence if a timely motion for new trial is filed. Tex. R. App. P. 26.2(a)(1), (2).

The rules of appellate procedure provide for an extension of time to file the notice of appeal if "such notice is filed within fifteen days after the last day allowed and within the same period a motion is filed in the court of appeals reasonably explaining the need for such extension." Tex. R. App. P. 26.3. Both the notice of appeal and the extension motion must be filed within the time provided by the rules. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); *Olivo,* 918 S.W.2d at 522.

Because appellant did not file a motion for new trial, his notice of appeal was due within thirty days after the date sentence was imposed in open court. This deadline could have been extended to forty-five days of the date sentence was imposed if within that period the notice of appeal and a motion for extension of time complying with the requirements of Rule of Appellate Procedure 26.3 were filed. Appellant's notice of appeal and request for extension of time were filed more than sixty days after imposition of sentence and were therefore untimely. Our appellate jurisdiction has not been invoked.

Consequently, we dismiss the appeal for want of jurisdiction.[1]



James T. Campbell
Justice


Do not publish.

---

[1] We do not reach the second issue called to appellant's attention by our letter. The trial court's certification of appellant's right to appeal states this "is a plea-bargain case and the defendant has no right to appeal [and] the defendant has waived the right of appeal." Tex. R. App. P. 25.2(a)(2),(d).